Joseph Messer (IL 6200036)
Messer Strickler, Ltd.
225 W. Washington St., Suite 575
Chicago, IL 60606
(312)334-3440 (direct)
(312)334-3473 (fax)
jmesser@messerstrickler.com
*Pro Hac Vice*

James Louis Kohl, Esq., SBN: 120808
795 Folsom Street, First Floor
San Francisco, California 94107
(415)848-2450/ FAX (415)848 2301
jamesk.legal@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL BRUNO, Individually and on behalf of others similarly situated<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>EQUIFAX INFORMATION SERICES, LLC; GENEVA FINANCIAL SERVICES, LLC; RMB WORLD ENTERPRISES, LLC d/b/a DECISION LINKS; B.B. DIRECT, INC.; GENESIS MARKETING GROUP, INC. d/b/a HITMAN DIRECT; AMERICAN MARKETING AND MAILING SERVICES, INC.; STRATEGIC MARKETING SERVICES, LLC.<br><br>　　　　　Defendants. | CASE NO. 2:17-cv-00327-WBS-EFB<br><br>**MOTION TO STRIKE EQUIFAX INFORMATION SERVICES, LLC'S AFFIRMATIVE DEFENSES** |

　　　　This motion is made pursuant to Federal Rule of Civil Procedure 12(f) which reads "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." This motion is made on the grounds that Defendant's affirmative defenses are

legally invalid and cannot be applied to the claims in this action. The affirmative defenses which Plaintiff believes are insufficient, redundant, immaterial, or impertinent are as follows: 1-7 affirmative defenses. Accordingly, Plaintiff respectfully requests that this Honorable Court strike all of Defendant's affirmative defenses.

Dated: May 3, 2017                                          Respectfully submitted,

                                             By:  /s/ Joseph Messer, Esq.
                                             Joseph Messer (IL 6200036)
                                             Messer Strickler, Ltd.
                                             225 W. Washington St., Suite 575
                                             Chicago, IL 60602
                                             (312)334-3442 (direct)
                                             (312)334-3473 (fax)
                                             jmesser@messerstrickler.com
                                             Attorney for Plaintiffs
                                             *Pro Hac Vice*

Joseph Messer (IL 6200036)
Messer Strickler, Ltd.
225 W. Washington St., Suite 575
Chicago, IL 60606
(312)334-3440 (direct)
(312)334-3473 (fax)
jmesser@messerstrickler.com
*Pro Hac Vice*

James Louis Kohl, Esq., SBN: 120808
795 Folsom Street, First Floor
San Francisco, California 94107
(415)848-2450/ FAX (415)848 2301
jamesk.legal@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL BRUNO, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUIFAX INFORMATION SERICES, LLC; GENEVA FINANCIAL SERVICES, LLC; RMB WORLD ENTERPRISES, LLC d/b/a DECISION LINKS; B.B. DIRECT, INC.; GENESIS MARKETING GROUP, INC. d/b/a HITMAN DIRECT; AMERICAN MARKETING AND MAILING SERVICES, INC.; STRATEGIC MARKETING SERVICES, LLC.<br><br>Defendants. | CASE NO. 2:17-cv-00327-WBS-EFB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE EQUIFAX INFORMATION SERVICES, LLC'S AFFIRMATIVE DEFENSES** |

### I.    <u>STANDARD</u>

This motion is made and based upon the Supreme Court's twin cases of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), referred to as the *Iqbal/Twombly* pleading standards. This court applies the *Iqbal/Twombly* pleading standards for affirmative defenses. *See Dodson v. Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 599,

603 (E.D. Cal. 2013); *Mayfield v. Cnty. of Merced*, 2015 U.S. Dist. LEXIS 22760 at *3 (E.D. Cal. 2015). defendant must plead "enough facts to state a claim to relief that is plausible on its face." Id. at * 4.  In pleading an affirmative defense, a party must give "fair notice of what the [affirmative defense] is and the grounds upon which it rests." *Dodson,* 289 F.R.D. at 603 (citing *Twombly*, 550 U.S. at 555; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based. *Dodson,* 289 F.R.D. at 599 (citation omitted).  Applying this standard serves "to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleading where many of the defenses alleged are irrelevant to the claims asserted." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). "Because the defendant bears the burden of proof on affirmative defenses, the defendant must plead at least some valid factual basis in support of its affirmative defense." *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 U.S. Dist. LEXIS 41080 at * 7 (N.D. Cal. 2012).

"Affirmative Defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.* 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleadings requirements as is the complaint"). The "vast majority of courts […] have extended Twombly's heightened pleading standard to affirmative defenses." *Barnes* at *10 (N.D. Cal. 2010). "Without some factual allegation in the [affirmative defense], it is hard to see how a [defendant] could satisfy the requirement of providing not only 'fair notice' of the nature of the [defense], but also 'grounds' on which the [defense] rests" *Twombly*., 550 U.S. at 555 n.3 (2007).

## II.  ARGUMENT

Defendant's Affirmative Defenses fall short of providing sufficient facts and satisfying the "fair notice" pleading requirement. Defendant provides absolutely no factual basis for each affirmative defense.  Further, Defendant merely recites bare legal conclusions and offers

boilerplate defenses without making specific reference to any of Plaintiff's claims. Defendant fails to identify exactly how each of its asserted defenses relates to and is appropriate with respect to Plaintiff's complaint.

### First Affirmative Defense

The first affirmative defense should be stricken as it reads "Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted." This Court has held such defense is subject to being stricken. *See, e.g.*, *Powell v. Union Pac. R.R. Co.*, 864 F. Supp. 2d 949, 962 (E.D. Cal. 2012) (striking the affirmative defense where the defendant asserted the plaintiff "failed to allege ... the facts necessary to support his various claims" because failure to state a claim was an improper affirmative defense); *see also Zivkovic v. S. California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002) ("that [a] plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense"). Accordingly, since this is merely an assertion of an alleged defect in the Complaint rather than a proper affirmative defense, it must be stricken.

### Second Affirmative Defense

This defense alleges in a conclusory manner that Plaintiff has not suffered damages due to the conduct of Defendant. This is a mere conclusory statement that does not provide any factual basis. Accordingly, this defense is in violation of the *Iqbal/Twombly* pleading standards and must be stricken.

### Third Affirmative Defense

This defense is basically repeating the second affirmative defense and conclusively alleges that Plaintiff lacks Article III standing as he did not suffer any damages resulting from Defendant's conduct. Again, there are no facts alleged to provide substance to the allegation. Consequently, this affirmative defense fails to comply with the *Iqbal/Twombly* pleading requirements and must be stricken.

### Fourth Affirmative Defense

This defense alleges a comparative negligence defense. Defendant, however, again fails to set forth facts in support of the defense. Without at least one valid factual basis in support of its

affirmative defense, Defendant has failed to meet its burden proof. *See Perez*, 2012 U.S. Dist. LEXIS 41080 at * 7. Thus, Defendant's fourth affirmative defense must also be stricken.

### Fifth Affirmative Defense

This defense merely pleads that Plaintiff does not meet the requirement of 15 U.S.C. § 1681n, but fails to include any factual support making it legally insufficient under *Iqbal*. Since Defendant has not plead any facts to support the allegation, this affirmative defense must be stricken.

### Sixth Affirmative Defense

Defendant conclusively alleges that Plaintiff cannot satisfy the prerequisites for class certification. This defense, however, is not a cognizable affirmative defense. *See Gomez v. J. Jacobo Farm Labor Contr., Inc.,* 188 F. Supp. 3d 986, 1001 (E.D. Cal. 2016) (finding that purported affirmative seeking to attack the plaintiff's ability to bring a class action is not an affirmative defense and is more appropriately addressed on a motion for class certification); *see also Martinez v. Cnty. of Sonoma,* 2016 U.S. Dist. LEXIS 44800 at *3 (N.D. Cal. 2016). As such, this purported defense must be stricken.

### Seventh Affirmative Defense

This standard reservation of a right to add defenses is not an affirmative defense as a matter of law. Rather, "if a defendant seeks to add affirmative defenses at a later date, the defendant 'must comply with Rule 15 of the Federal Rules of Civil Procedure.'" *J & J Sports Prods. v. Sandana*, 2013 U.S. Dist. LEXIS 146987 at *12 (E.D. Cal. 2013) (quoting *Solis v. Zenith Capital, LLC,* 2009 U.S. Dist. LEXIS 43350, at *19 (N.D. Cal. 2009)). Thus, Defendant's reservation clause is not a proper affirmative defense and must be stricken.

## CONCLUSION

Defendant's affirmative defenses are legal conclusions and theories, which are unsupported by facts and in violation of the *Iqbal/Twombly* pleading standard. For the foregoing reasons and pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff respectfully requests that this Honorable Court strike all of Defendant's affirmative defenses.

| | |
|---|---|
| Dated: May 3, 2017 | Respectfully submitted,<br><br>By: <u>/s/ Joseph Messer, Esq.</u><br>Joseph Messer (IL 6200036)<br>Messer Strickler, Ltd.<br>225 W. Washington St., Suite 575<br>Chicago, IL 60602<br>(312)334-3442 (direct)<br>(312)334-3473 (fax)<br>jmesser@messerstrickler.com<br>Attorney for Plaintiffs<br>*Pro Hac Vice* |

Joseph Messer (IL 6200036)
Messer Strickler, Ltd.
225 W. Washington St., Suite 575
Chicago, IL 60602
(312)334-3442 (direct)
(312)334-3473 (fax)
jmesser@messerstrickler.com

James Louis Kohl, Esq., SBN: 120808
795 Folsom Street, First Floor
San Francisco, California 94107
(415)848-2450/ FAX (415)848 2301
jamesk.legal@gmail.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRUNO, Individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>EQUIFAX INFORMATION SERICES, LLC; GENEVA FINANCIAL SERVICES, LLC; RMB WORLD ENTERPRISES, LLC d/b/a DECISION LINKS; B.B. DIRECT, INC.; GENESIS MARKETING GROUP, INC. d/b/a HITMAN DIRECT; AMERICAN MARKETING AND MAILING SERVICES, INC.; STRATEGIC MARKETING SERVICES, LLC.<br><br>Defendants. | CASE NO. 2:17-cv-00327-WBS-EFB<br><br>**PROOF OF SERVICE** |

I am a citizen of the United States and a resident of the State of California. I am over the age of eighteen years, and not a party to the within action. My business address is 795 Folsom Street, First Floor, San Francisco, California 94107, I served via the CM/ECF system the documents described below:

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**

by Notice of Electronic Filing, which is a notice generated by the CM/ECF system at the time the documents listed above were filed with the Court, to all counsel listed by CM/ECF as "*ATTORNEY TO BE NOTICED*."

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: May 3, 2017                                   Respectfully submitted,

                                                     By: /s/ James L. Kohl, Esq.

                                                     James Louis Kohl, Esq., SBN: 120808
                                                     795 Folsom Street, First Floor
                                                     San Francisco, California 94107
                                                     (415)848-2450/ FAX (415)848 2301
                                                     jamesk.legal@gmail.com