UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DANIEL BRUNO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC and GENEVA FINANCIAL SERVICES, LLC,<br><br>Defendants. | CIV. NO. 2:17-0327 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTIONS TO STRIKE |

----oo0oo----

Plaintiff Daniel Bruno brought this putative class action against defendants Equifax Information Services, LLC ("Equifax") and Geneva Financial Services, LLC ("Geneva"),[1]

---

[1] Five other defendants--RMB World Enterprises, BB Direct, Genesis Marketing Group, American Marketing and Mailing Services, and Strategic Marketing Services--were named in this action. (Compl. ¶¶ 3-7 (Docket No. 1).) Plaintiff has dismissed each of those defendants from this action. (See Docket Nos. 22,

1

alleging that defendants sold his and putative class members' consumer reports to other parties for impermissible marketing purposes in violation of the Fair Credit Reporting Act ("FCRA"). (Compl. (Docket No. 1).) Before the court are plaintiff's Motions to strike each of the defenses alleged in defendants' Answers. (Pl.'s Mot. as to Equifax (Docket No. 41); Pl.'s Mot. as to Geneva (Docket No. 43).)

I.  Factual and Procedural Background

Plaintiff is a California resident. (See Compl. Ex. B, Car Loan Notice (indicating plaintiff resides in California) (Docket No. 1-2).) Equifax is a credit reporting agency. (Compl. ¶ 37.) Geneva is allegedly a collector of consumer credit information and intermediary between Equifax and various marketing agencies. (See id. ¶¶ 17, 28.)

In February 2016, plaintiff received a notice from a Hanlees Nissan Chevrolet ("Hanlees") stating that he had been prequalified for a car loan of $5,500 to $39,000. (Car Loan Notice.) The notice identified Geneva as the lender. (Id.) Plaintiff alleges that the notice was sent to him because Geneva obtained a copy of his consumer report from Equifax and forwarded the report to a marketing agency that was working on Hanlees' behalf. (See Compl. ¶¶ 17, 21, 43.)

After receiving the car loan notice, plaintiff contacted Hanlees to apply for the loan the notice stated he had been prequalified for. (Id. ¶ 23.) Hanlees advised him to contact Geneva regarding the loan. (Id.) When plaintiff

---

29, 40, 56, and 62.)

2

contacted Geneva regarding the loan, Geneva allegedly informed him that it "did not finance vehicles for purchase and instructed him to contact the . . . car dealership for financing approval." (Id. ¶ 26.)

Plaintiff thereafter filed this putative class action. (Id. at 23.) Plaintiff alleges that his experience with Hanlees and Geneva was the result of a nationwide scheme whereby Equifax sells "tens of thousands of consumer reports" to Geneva and Geneva sells such reports to and partners with various marketing agencies for the purpose of "conduct[ing] promotional inquiries [using] bogus firm offers of credit." (See id. ¶¶ 17, 21, 30.) Such a scheme, plaintiff contends, violates the FCRA. (Id. at 1.) Plaintiff brings a cause of action against defendants for furnishing and failing to maintain reasonable procedures designed to avoid furnishing consumer reports to other parties for "impermissible marketing purposes" in violation 15 U.S.C. §§ 1681b and 1681e(a). (Id. at 16-18.) Plaintiff also brings causes of action against Geneva for obtaining consumer reports for "impermissible marketing purposes" in violation of 15 U.S.C. §§ 1681b(f) and 1681e(e), and obtaining such reports under false pretenses in violation of 15 U.S.C. § 1681q. (Id. at 18-21.)

Defendants have filed separate Answers to plaintiff's Complaint. (See Equifax's Answer (Docket No. 32); Geneva's Answer (Docket No. 34).) Equifax alleges seven defenses[2] in its Answer. (Equifax's Answer at 12-13.) Geneva alleges sixteen

---

[2] The term "defense" in this Order refers to both affirmative defenses and challenges to plaintiff's prima facie case.

3

defenses in its Answer. (Geneva's Answer at 11-14.) Plaintiff now moves to strike each of the defenses alleged in defendants' Answers under Federal Rule of Civil Procedure 12(f). (Pl.'s Mot. as to Equifax; Pl.'s Mot. as to Geneva.)

II. <u>Legal Standard</u>

Rule 12(f) authorizes the court to strike "insufficient" affirmative defenses[3] and "redundant, immaterial, impertinent, or scandalous matter[s]" from pleadings. Fed. R. Civ. P. 12(f).

Affirmative defenses may be insufficient "as a matter of law" or "as a matter of pleading." <u>Harris v. Chipotle Mexican Grill, Inc.</u>, 303 F.R.D. 625, 627 (E.D. Cal. 2014) (citing <u>Dodson v. Strategic Rests. Acquisition Co. II, LLC</u>, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (Karlton, J.)). An affirmative defense is insufficient as a matter of law "if it lacks merit under any set of facts the defendant might allege." <u>Id.</u> (citing <u>Dodson</u>, 289 F.R.D. at 603). An affirmative defense is insufficient as a matter of pleading if it fails to provide "fair notice" of its nature and grounds to the plaintiff. <u>Kohler v. Flava Enters., Inc.</u>, 779 F.3d 1016, 1019 (9th Cir. 2015).[4] "Fair notice" of an

---

[3] "An affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." <u>Hernandez v. Dutch Goose, Inc.</u>, No. C 13-03537 LB, 2013 WL 5781476, at *3 (N.D. Cal. Oct. 25, 2013). "A defendant bears the burden of proof on its affirmative defenses." <u>Id.</u>

[4] Plaintiff argues that <u>Kohler</u> "did not specifically hold" that the "fair notice" standard applies to affirmative defenses, and the court should apply the "plausibility" standard stated in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and

4

affirmative defense only requires that the defendant describe the defense in "general terms." Id.

"[R]edundant" matters are those "that are needlessly repetitive." City of Colton v. Am. Promotional Events, Inc., No. EDCV 09-1864 PSG SSX, 2012 WL 32606, at *2 (C.D. Cal. Jan. 5, 2012). "[I]mmaterial" matters are those "which [have] no essential or important relationship to the claim[s] for relief or the defenses being pleaded." Id. "[I]mpertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." Id. "[S]candalous" matters are those that "improperly cast[] a derogatory light on someone, usually a party." Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (O'Neill, J.).

III. Discussion

    A.    Defenses That Are Not Affirmative Defenses

        i.    Equifax

The court has reviewed Equifax's Answer and determined

---

Ashcroft v. Iqbal, 556 U.S. 662 (2009) to the defenses stated in defendants' Answers. (See Pl.'s Reply as to Equifax at 2 (Docket No. 65).) The court acknowledges that a number of decisions from the Northern District of California have continued to apply the "plausibility" standard to affirmative defenses post-Kohler. See, e.g., Murphy v. Trader Joe's, No. 16-CV-02222 SI, 2017 WL 235193, at *2 (N.D. Cal. Jan. 19, 2017). This court, however, has generally understood Kohler to have held that the "fair notice" standard applies to affirmative defenses. See Jing Jing Yao v. City of Folsom, No. 2:16-CV-2609 MCE AC, 2017 WL 1383274, at *2 (E.D. Cal. Apr. 18, 2017) ("[T]his Court has . . . held that Kohler resolves the issue of which pleading standard applies to affirmative defenses . . . ."); Rodriguez v. Brown, No. 1:15-CV-1754 LJO EPG (PC), 2017 WL 1090161, at *1 (E.D. Cal. Mar. 22, 2017) (same); Television Educ., Inc. v. Contractors Intelligence Sch., Inc., No. CV 2:16-1433 WBS EFB, 2016 WL 7212791, at *1 n.2 (E.D. Cal. Dec. 12, 2016) (same).

5

that Equifax's first, second, third, fifth, sixth, and seventh defenses are not affirmative defenses. Such defenses need not be pled in Equifax's Answer although they may still be raised later in this action. Accordingly, the court will strike such defenses.

        ii. Geneva

The court has reviewed Geneva's Answer and determined that Geneva's first, tenth, eleventh, twelfth, fourteenth, fifteenth, and sixteenth defenses are not affirmative defenses. Such defenses need not be pled in Geneva's Answer although they may still be raised later in this action. Accordingly, the court will strike such defenses.

    B.    <u>Defenses That Are Affirmative Defenses But Fail to Give Fair Notice</u>

Geneva's fourth defense states that "[a]t all relevant times, [Geneva] acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law." (Geneva's Answer at 12.) This defense does not specify what privilege Geneva asserts or explain how that privilege might be relevant in this action. The court finds that Geneva has failed to provide plaintiff fair notice of this defense, and will strike the defense.

Geneva's sixth defense states that "[p]laintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches." (<u>Id.</u>) Geneva does not explain, and it is not apparent to the court, how the legal doctrines cited in this defense are relevant in this action.

Without providing such information, Geneva cannot be said to have provided plaintiff fair notice of this defense. Accordingly, the court will strike this defense.

Geneva's eighth defense states that "Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate his alleged damages and, therefore, cannot recover against [Geneva]." (Id. at 13.) The only actual damages alleged in plaintiff's Complaint are for "mental distress and emotional anguish stemming from the ongoing invasion of [plaintiff's] privacy." (Compl. ¶ 100.) Geneva does not explain, and it is not apparent to the court, how plaintiff could have mitigated such damages. The court finds that Geneva has not provided plaintiff fair notice of its mitigation defense, and will strike that defense.

Geneva's ninth defense states that "[a]ny credit report or other information released by [Geneva] to a third party concerning Plaintiff was done pursuant to the express provisions of the FCRA." (Geneva's Answer at 13.) Similar to Geneva's fourth defense, this defense states neither the specific FCRA provision Geneva allegedly acted pursuant to nor how that provision might be relevant in this action. Accordingly, the court will strike this defense.

C. Defenses That Are Affirmative Defenses and Provide Fair Notice

i. Equifax

Equifax's fourth defense states that the FCRA violations alleged in plaintiff's Complaint are "the fault of other persons or entities and Plaintiff's damages, if any, should

7

be apportioned according to the principles of comparative fault."
(Equifax's Answer at 13.)  Comparative fault is an affirmative
defense to negligence claims.  See J & J Sports Prods., Inc. v.
Delgado, No. 1:12-CV-1945 LJO SKO, 2013 WL 3288564, at *5 (E.D.
Cal. June 28, 2013).  At oral argument, the parties agreed that
plaintiff has alleged a negligence cause of action under the FCRA
in this action.  It is thus apparent that comparative fault is a
relevant issue in this action, and plaintiff is aware of the
general terms of that defense.  Accordingly, the court will not
strike this defense.[5]

### ii.  Geneva

Geneva's second defense states that at all relevant
times, Geneva "had in place reasonable and appropriate procedures
in compliance with the Fair Credit Reporting Act ('FCRA,' 15
U.S.C. §§ 1681a-v) in its handling of all credit data, including
. . . data relating to Plaintiff."  (Geneva's Answer at 11.)
Geneva cites Taylor v. First Advantage Background Servs. Corp,
207 F. Supp. 3d 1095 (N.D. Cal. 2016) in support of its
contention that this defense is an affirmative defense, which
plaintiff did not oppose at oral argument. As plaintiff raised
the issue of whether defendants employed reasonable procedures to
help ensure compliance with the FCRA in his Complaint, (see
Compl. ¶¶ 94, 106), the court finds that he has fair notice of
this defense.

---

[5]  Plaintiff stated at oral argument that this defense should be stricken because Equifax has not joined the other allegedly liable parties to this action.  Plaintiff does not cite, and the court is not aware of, an authority that requires such joinder in order to assert a comparative fault defense.

The court will strike Geneva's third defense, as it is redundant of Geneva's second defense.

Geneva's fifth defense states that "Plaintiff has failed to join a party needed for the just adjudication of [this] action pursuant to the requirements of Rule 19 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 19), in that if Geneva is liable to Plaintiff . . . it is liable to Plaintiff jointly with Datamyx LLC and/or Deluxe Corporation." (Geneva's Answer at 12.) As this defense both cites a specific authority and provides the names of the specific parties at issue, the court finds that Geneva has provided plaintiff fair notice of this defense.

Geneva's seventh defense states that "any purported damages to Plaintiff . . . are the result of the actions, omissions, and/or errors of individuals and/or entities . . . over whom [Geneva] has neither authority [nor] ability to control." (Id. at 12-13.) Geneva represented at oral argument that this defense is the same defense as Equifax's comparative fault defense. The court declines to strike this defense for the same reason it declines to strike Equifax's comparative fault defense.

Geneva's thirteenth defense states that "[s]ome or all of Plaintiff['s] claims are barred by applicable statutes of limitations, including but not limited to 15 U.S.C. § 1681[p]." (Id. at 14.) Geneva represented at oral argument that this defense is without merit and conceded that it should be stricken. Accordingly, the court will strike this defense.

IT IS THEREFORE ORDERED that plaintiff's Motions to

strike defendants' defenses be, and the same hereby are, GRANTED IN PART as follows:

(1) Equifax's first, second, third, fifth, sixth, and seventh defenses are stricken.

(2) Geneva's first, third, fourth, sixth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth defenses are stricken.

Plaintiff's Motions are DENIED in all other respects.

Defendants have twenty days from the date this Order is signed to file amended Answers, if they can do so consistent with this Order.

Dated: June 30, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE