MATTHEW H. DAWSON (State Bar No. 307350)
mdawson@kslaw.com
KING & SPALDING LLP
601 South California Avenue
Palo Alto, CA 94304
Telephone:  +1 650 422 6700
Facsimile:   +1 650 422 6800

ZACHARY A. MCENTYRE (*pro hac vice*)
zmcentyre@kslaw.com
MERYL W. ROPER (*pro hac vice*)
mroper@kslaw.com
ALLISON HILL WHITE(*pro hac vice*)
awhite@kslaw.com
KING & SPALDING LLP
1180 Peachtree St., NE
Atlanta, GA 30309
Telephone:  +1 404 572 4600
Facsimile:   +1 404 572 5100

Attorneys for Defendant EQUIFAX INFORMATION SERVICES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRUNO, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; GENEVA FINANCIAL SERVICES, INC.; JOHN MCGINLEY, ANDY MITCHELL, and REBS SUPPLY, INC.<br><br>Defendants. | Case No. 2:17-cv-00327-WBS-EFB<br><br>STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY AND TO PROTECT PRIVILEGED MATERIALS |

This matter is before the court on plaintiff Daniel Bruno's motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c).[1] ECF No. 106. Plaintiff, defendants Equifax Information Services, LLC, and defendant John McGinley have stipulated to the entry of the proposed protective order submitted with plaintiff's motion. *See* ECF No. 106-1. Having considered plaintiff's motion and the proposed stipulated protected order, the court hereby ORDERS that plaintiff Daniel Bruno, defendant Equifax Information Services, LLC, defendant John McGinley, and their counsel in above-styled case are subject to this Stipulated Protective Order of Confidentiality and to Protect Privileged Materials (the "Order"), which limits the use of confidential information.

**1.    PURPOSE AND LIMITATIONS**

1.1    Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the United States District Court for the Eastern District of California (the "Court") to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure or use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

---

[1] The court has determined that oral argument would not materially assist in resolution of the motion, and the hearing noticed for February 21, 2018, ECF No. 109, is hereby vacated. E.D. Cal. L.R. 230(g).

STIPULATED PROTECTIVE ORDER    1    CASE NO. 2:17-CV-00327-WBS-EFB

1.2     The purpose of this Order is to facilitate the production of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, protect material to be kept confidential and/or privileged, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Federal Rules of Civil Procedure 16 and 26, the judicial opinions interpreting such Rules, and any other applicable law.

1.3     Through this Order, the Parties seek to reduce the time, expense, and other burdens associated with discovery, and to better define their obligations with respect to information and materials produced during discovery.

1.4     This Order and all subsequent Protective Orders shall be binding on all Parties and their counsel in this Action, and any other persons or entities who become bound by this Order by signifying their assent though execution of the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto.

## 2. DEFINITIONS

The following definitions apply for purposes of this Order:

2.1     Action:  This lawsuit and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

2.2     Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3     Confidential Information:  Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4     Counsel:  Attorneys who are employees of a Party to this Action in addition to Attorneys who are not employees of a Party to this Action but have been retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, as well as their employees and support staff.

2.5 <u>Designating Party</u>: A Party or Non-Party that designates documents, information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosed Privileged Material</u>: All Discovery Material that a Party or Non-Party discloses that it thereafter claims to be Privileged Material.

2.7 <u>Disclosing Party</u>: A Party or Non-Party that discloses Disclosed Privileged Material in this Action.

2.8 <u>Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in this Action, whether formally or informally.

2.9 <u>Expert</u>: A person retained by a Party or its Counsel to serve as an expert witness or consultant or technical advisor in this Action (as well as his or her employees and support staff).

2.10 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action, and their counsel.

2.11 <u>Party</u>: Any party to this Action.

2.12 <u>Privileged Material</u>: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence, including any such privilege or protection under applicable U.S. or foreign law, regulation or statute.

2.13 <u>Producing Party</u>: A Party or Non-Party that produces Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, graphic support services, coding, translating, preparing exhibits or demonstrations, document review, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: Any Discovery Material that is designated as "CONFIDENTIAL."

2.16 <u>Receiving Party</u>: A Party that receives Discovery Material from a Producing Party.

**3. <u>SCOPE</u>**

3.1 The protections conferred by this Order apply to Protected Material (as defined above) and also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, translations, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Order, however, do not cover information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order.

3.2 This Order and its protections apply for pre-trial purposes only. The Parties will meet and confer at the appropriate time regarding any use of Protected Material at trial, which use shall be governed by a separate agreement or order.

**4. <u>DURATION</u>**

4.1 Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1 <u>Exercise of Restraint and Care in Designation Material for Protection</u>. Each party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

The Designating Party must designate for protection only those parts that are material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.,* Section 5.3.4 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be so designated at the time the material is disclosed or produced.

    5.3    Designation in conformity with this Order requires the following:

        5.3.1  *Marking.* All or any part of a document, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential by marking the appropriate legend ("CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item is Confidential or contains such information. With respect to documents produced in native format, the Electronically Stored Information Protocol, or ESI Protocol, to be entered in this Action shall govern the form and method for marking such documents as Confidential.

        5.3.2  A Designating Party may request of a court reporter that transcript pages containing Confidential Information be separately bound with the appropriate legend ("CONFIDENTIAL") affixed to the relevant pages. Any additional court reporter charges for this treatment of the transcript shall be borne by the Designating Party.

        5.3.3  A Receiving Party shall exercise good faith efforts to ensure that any copies, print-outs of natively produced documents or data, translations, excerpts, summaries, or

compilations include a confidentiality legend that matches the confidentiality designation the Designating Party applied to the document, discovery response, transcript, or pleading.

    5.3.4 *Timing.* Except as otherwise provided herein, documents and other objects must be designated before disclosure or production. In the event that a Producing Party designates some or all of a witness's deposition or other pre-trial testimony (or related exhibits) Confidential, such designation may be made on the record of the deposition or hearing or within thirty (30) calendar days after receipt of the final transcript of such deposition or hearing. The specific page and line designations over which confidentiality is claimed must be provided to all counsel of record within thirty (30) calendar days of receipt of the transcript in final form from the court reporter.

    5.3.5 For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If the Protected Material is produced in an electronic form with a load file, the Designating Party shall note that there is Protected Material in the load file. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  5.4 <u>Inadvertent Failures to Designate</u>. If timely corrected, an accidental or inadvertent failure to designate information as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

  6.1 <u>Timing of Challenges</u>. A challenge to a designation of confidentiality may be made at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the confidentiality designation is made.

6.2 <u>Meet and Confer.</u> The Challenging Party shall object to the propriety of the designation of specific material as Confidential by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of this Order. Within fourteen (14) calendar days of the date of service of notice, the Parties shall attempt to resolve each challenge in good faith by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient). In conferring, the Designating Party or its counsel shall either: (i) agree to remove the designation; or (ii) state the reasons for such designation.

6.3 <u>Meet and Confer</u>. If the Challenging Party continues to dispute the designation(s) at issue, it shall notify the Designating Party in writing within seven (7) calendar days thereafter. Counsel may agree to reasonable extensions. The Parties shall attempt to resolve each challenge in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.4 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality ~~under Civil Local Rule 7~~ within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for

doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

6.5 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. While a challenge is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court orders otherwise.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in this Action only for prosecuting, defending, or attempting to settle this Action, including any appeal(s), so long as such use is permitted herein. Any Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. After the final disposition of the Action, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Restrictions on Use of "Confidential" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    7.2.1 the Receiving Party's Counsel;

    7.2.2 the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    7.2.3 Experts retained by the Receiving Party or the Receiving Party's Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    7.2.4 the Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

    7.2.5 special masters or discovery referees appointed by the Court;

    7.2.6 mediators and their staff, provided such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    7.2.7 court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    7.2.8 potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    7.2.9 the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    7.2.10 any other person to whom the Designating Party, in writing, authorizes disclosure.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

 8.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

    8.1.1 promptly notify in writing the Designating Party unless prohibited by law from doing so. Such notification shall include a copy of the subpoena or court order;

    8.1.2 promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

        8.1.3    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

     8.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

     9.1    The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Order.

     9.2    For a period of seven (7) calendar days following production by a Non-Party, that production shall be deemed Confidential Information even if not so designated by the Non-Party, to provide the Parties an adequate opportunity to designate information as Confidential. The inadvertent failure by any Party to designate information produced by Non-Parties as "CONFIDENTIAL" within that seven (7) day period shall not waive a Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion, consistent with Section 5.3 of this Order.

     9.3    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in the Party's possession, and the Party is subject to an agreement with the Non-Party not to produce such information, then the Party shall:

        9.3.1    promptly notify in writing the Party requesting the information that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    9.3.2 promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    9.3.3 make the information requested available for inspection by the Non-Party.

  9.4 If the Non-Party fails to object or seek a protective order from the appropriate court within fourteen (14) calendar days of receiving the notice and accompanying information pursuant to Section 9.2, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, and such information shall be produced with the same designation as the one made by the Non-Party. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in an appropriate court of its confidential information.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

  10.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) make all reasonable efforts to retrieve all unauthorized copies of the Protected Material.

**11. PROTECTION OF PRIVILEGES**

  11.1 The provisions in Federal Rule of Evidence 502(b) apply to the disclosure of Discovery Material in this Action. When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party and Disclosing Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

  11.2 Except as otherwise provided herein, pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with this Action, a Party or Non-Party (the "Disclosing Party") discloses Privileged Material, the disclosure of the Privileged Material shall not constitute or be

deemed, either in this Action or any other action, investigation or proceeding, a waiver or forfeiture of any claim of any privilege or protection, including without limitation the attorney-client privilege, the work product doctrine or the deliberative process privilege, that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Privileged Material and its subject matter. The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of disclosure in this Action, regardless of the procedures used to identify Privileged Material prior to production.

11.3    <u>Notice of Disclosed Privileged Material</u>. If a Disclosing Party determines that it has produced Disclosed Privileged Material, the Disclosing Party shall, within seven (7) calendar days of making such determination, provide written notice to all counsel of record and identifying the Disclosed Privileged Material (by date of production and production number or range, if applicable) ("Disclosure Notice").

11.4    Any Party, or Non-Party that has signed the "Acknowledgment and Agreement to Be Bound," that receives a Disclosure Notice must: (a) immediately cease reviewing and using the Disclosed Privileged Material; and (b) within fourteen (14) calendar days of receipt of the Disclosure Notice: (i) return, sequester, or destroy all copies of the Disclosed Privileged Material; (ii) upon request of the Disclosing Party, provide to the Disclosing Party a certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered or destroyed; and (iii) notify any Party or Non-Party to whom the Receiving Party has provided the Disclosed Privileged Material that he, she, or it must comply with the obligations set forth in this Section, including, upon request of the Disclosing Party, to provide to the Disclosing Party a certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered or destroyed. Copies of Disclosed Privileged Material that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Receiving Party must take steps to re-sequester the restored Disclosed Privileged Material.

11.5    Nothing in this Order is intended to create an obligation for a Party to conduct a privilege review of another Party's Discovery Material. If a Party identifies Discovery Material

that appears on its face to be Disclosed Privileged Material belonging to another Party or Non-Party, however, the identifying Party is under a good-faith obligation to notify that other Party or Non-Party. Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Discovery Material. If the Party or Non-Party to which the Disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or Non-Party shall provide a Disclosure Notice within seven (7)) calendar days of receiving such notification. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Disclosing Party that such Privileged Material has been produced.

11.6 <u>Contesting a Claim of Privilege</u>. A Party wishing to contest a claim of privilege (the "Contesting Party") shall provide written notice to the Party or Non-Party asserting privilege of each such claim it is contesting (the "Contestation Notice"). Any Contestation Notice shall expressly refer to this Section of this Order, and shall describe the basis for the contestation. Within seven (7)) calendar days of the date of service of the Contestation Notice, the parties shall attempt to resolve each contestation in good faith by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient). In conferring, the Party or Non-Party asserting privilege or its counsel shall either: (i) agree to withdraw the claim of privilege; or (ii) state the reasons for such privilege. A Contesting Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Party or Non-Party asserting the privilege is unwilling to participate in the meet-and-confer process in a timely manner. If the relevant Parties or Non-Parties cannot resolve a contestation without court intervention, the Contesting Party may, within seven (7) calendar days of impasse, move the Court for an order withdrawing the designation as to the specific claims on which the Contesting Party and the Party or Non-Party asserting privilege could not agree ("Contestation Motion"). ~~Such Contestation Motion must be filed under seal in accordance with the local rules.~~ The Contesting Party must not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure of the Discovery Material in this Action. The Party or

Non-Party asserting privilege retains the burden, upon contestation, of establishing the applicability of the claimed privilege and bears the burden of making the claimed privileged material available to the Court for in camera review.

11.7 While a Contestation Motion is pending, all Parties and Non-Parties shall continue to follow the procedures described herein, and no Party or Non-Party shall use the Disclosed Privileged Material for any other purpose nor disclose it to any person other than those required by law to be served with a copy of the sealed motion. Nothing herein shall limit the right of any Party or Non-Party to petition the Court for an in camera review of Disclosed Privileged Material. Privileged Material may not be filed in the public record in this Action.

11.8 <u>Depositions</u>. If, during a deposition, a Party or Non-Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains its Privileged Material, that Party or Non-Party, at his, her or its sole election, may (a) allow the document to be used during the deposition without waiver of his, her or its claim of privilege or protection; or (b) instruct the witness not to answer questions concerning the parts of the document containing Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material. If the Party or Non-Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties and any Non-Parties shall sequester all copies of the purportedly privileged or protected document. Immediately following the deposition, the Parties and any Non-Parties will commence the procedure, including the notice and log requirements, outlined in Sections 11.3 - 11.6 (as applicable), to address the claim of privilege or other protection and any related disputes. Until any such disputes are resolved, all Parties and Non-Parties who have access to the transcript of such deposition shall treat the relevant portion of the transcript as Privileged Material. If any Party or Non-Party instructs the witness not to answer questions concerning the document on grounds of privilege, the Parties will cooperate in promptly following the procedures outlined in Sections 11.3 - 11.6, as applicable. If the document is ultimately determined not to be privileged or subject to protection, the Party or Non-Party asserting the claim of privilege or protection will be responsible for ensuring that the

deposing party is given an opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by Counsel for such Party shall be at the earliest practicable time for the witness and his, her or its counsel, not to exceed thirty (30) calendar days of said determination at the expense of the Party or Non-Party claiming privilege or protection.

11.12 The Parties may stipulate, without the need for Court approval, to narrow or extend the time periods specified in this Order.

11.13 This Order does not preclude a Party from voluntarily waiving any claims of privilege or protection. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged or protected information to support a claim or defense.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Any Party, entity or person covered by this Order may at any time apply to the Court for relief from any provision of this Order. Subject to the agreement of the Parties or an order of the Court, other entities or persons may be included in this Order by acceding to its provisions in a writing served upon all counsel of record, with such writings to be filed with the Court if so directed.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use as evidence any of the material covered by this Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise

entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Local Rule 141 unless otherwise instructed by the Court.

### 12.4 Hearings and Appeals

12.4.1 In the event that a Receiving Party intends to utilize Protected Material during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) calendar days prior to the hearing, to the Producing Party and/or the Designating Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) calendar days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Protected Material during the pre-trial hearing shall be determined by agreement of the relevant Parties or by Order of the Court.

12.4.2 In the event that any Protected Material is used in any court proceeding in this Action or any appeal in connection with this Action, except for the use of Protected Material during trial, the manner of which shall be determined pursuant to Section 3.2, such Protected Material shall not lose its protected status through such use. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the courtroom.

12.5 Reservations. Entering into, agreeing to or complying with the provisions of this Order shall not: (1) operate as admission that any particular material contains Protected Material; or (2) prejudice any right to seek a determination by the Court (a) whether particular material should be produced, or (b) if produced, whether such material should be subject to the provisions of this Order.

### 13. FINAL DISPOSITION

13.1 Within sixty (60) calendar days after the final disposition of this Action, as defined in Section 4, each Receiving Party, including its employees, attorneys, consultants and

STIPULATED PROTECTIVE ORDER    16    CASE NO. 2:17-CV-00327-WBS-EFB

experts, must use commercially reasonable efforts to destroy or return to the Producing Party all Protected Material, except: (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice; or (2) documents that must be preserved as federal records or in compliance with other statutory, regulatory or legal authorities. As used in this Section, "all Protected Material" includes all originals, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that: (1) states that commercially reasonable efforts have been made to assure that all Protected Material has been returned or destroyed; and (2) affirms that the Receiving Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including all emails attaching or referring to Protected Materials), and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:     1/11/18          */s/ Joseph S. Messer*
*Counsel for Plaintiff*

DATED:     1/3/18           */s/ Meryl W. Roper*
*Counsel for Defendant Equifax Information Services, LLC*

DATED: _____     _____

*Counsel for Defendant Geneva Financial Services, Inc.*

DATED: 1/17/18

*/s/ Rebecca Wester*
*Counsel for Defendant John McGinley*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 7, 2018

_____
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by The United States District Court for the Eastern District of California on _____ in the case *Bruno v. Equifax Information Services, LLC, et al.,* Case No. 2:17-cv-00327-WBS-EFB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of The United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____