UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRUNO, Individually and on behalf of others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>   Defendant. | Civ. No. 2:17-327 WBS EFB<br><br>ORDER RE: MOTION FOR RECONSIDERATION AND MOTION TO SEAL |

   Plaintiff Daniel Bruno, individually and on behalf of others similarly situated, originally filed this action against Geneva Financial Services, LLC ("Geneva LLC"); Equifax Information Services, LLC ("Equifax"); John McGinley; Andy Mitchell; and REBS Supply Inc., d/b/a REBS Marketing, Inc. ("REBS"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Presently before the court is Geneva Financial Services, Inc.'s ("Geneva Inc.") Request for Reconsideration (Docket No. 127) and plaintiff's Request to Seal Documents (Docket No. 131).

1

I.  Motion for Reconsideration

This case is a procedural mess. This court's Order of February 6, 2018, allowing plaintiff to file and serve an Amended Complaint (Docket No. 119) was intended, at least in part, to allow the parties to clean up that mess. At the time of his hearing on January 10, 2018, Magistrate Judge Brennan had no way of knowing of that Order, and his subsequent Order After Hearing, on February 8, 2018 (Docket No. 122), made no mention of it. It would be unfair in light of this court's February 6, 2018 Order to deem defendant Geneva, Inc. to have admitted plaintiff's First Set of Requests for Admissions, which were served before Geneva, Inc. was a party to this case. The court does not want to prejudice any party simply because of a procedural misunderstanding or technicality. Accordingly, the court will grant Geneva Inc.'s Motion for Reconsideration and vacate the relevant portions of Magistrate Judge Brennan's Order After Hearing (Docket No. 122.)

II. Motion to Seal

Plaintiff has also submitted a Request to Seal Documents. (Docket No. 131.) In this motion, plaintiff moves to seal portions of its Second Amended Complaint as well as Exhibits A, G, H, I, and J in their entirety.

Pursuant to Local Rule 141(a), "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." E.D. Cal. L.R. 141(a). "Two standards generally govern motions to seal documents." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). In the context of requests to seal "dispositive pleadings . . . and

[their] related attachments," the court is directed to apply a "'compelling reasons' standard." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). In the context of nondispositive motions and records attached to such motions, by contrast, the Ninth Circuit has held that the requesting party need only meet a "'good cause' standard [because] the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." Pintos, 605 F.3d at 678; Kamakana, 447 F.3d at 1179-80.

As the parties are not seeking to seal any dispositive motions, the court applies the "good cause" standard to plaintiff's request. See Kamakana, 447 F.3d at 1179. While the "good cause" standard is not as rigorous as the "compelling reasons" standard, a "party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); see Kamakana, 447 F.3d at 1180 ("A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."). Here, plaintiff has not given specific reasons why any particular information in the Second Amended Complaint or the specified attachments should be sealed, beyond merely stating that disclosure could "be a detriment to Equifax." (Pl.'s Req. to Seal at 2.)

In January 2018, the parties stipulated to a Protective Order of Confidentiality and to Protect Privileged Materials, which was signed by Magistrate Judge Brennan on February 7, 2018. (Docket No. 121.) That order was to apply to all "Protected

3

Material," which was defined as any discovery material that was designated as "confidential" by any party. (Id. at 4.) The documents that plaintiff now seeks to seal have been designated "confidential" by Equifax.

This court recognizes that generally "when a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002). However, "[b]ecause the parties had simply stipulated to the protective order, a particularized showing of 'good cause' to keep the documents under seal had never been made to the court." Kamakana, 447 F.3d at 1176.

Further, the Protective Order explained that "Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue." (Pl.'s Req. to Seal at 15.) Accordingly, because "the order requested that the parties obtain a court order to file materials under seal . . . [plaintiff] should have been on notice that confidential categorization . . . under the protective order was not a guarantee of confidentiality, especially in the event of a court filing." See Kamakana, 447 F.3d at 1183. Therefore, although magistrate Judge Brennan "expressly approved and entered the protective order, the order contained no good cause findings as to specific documents." (Id.)

Additionally, sealing this information may prevent the

public from understanding the basis upon which the court makes its decisions, and plaintiff fails to explain how public disclosure of the contents of its Second Amended Complaint and attachments would cause harm to any of the parties, much less how that harm outweighs public policies favoring disclosure. See id. at 1178-79. Accordingly, the court concludes that, even in light of the protective order, plaintiff has not presented "good cause" to rebut the presumption in favor of public access. See id. (citing Foltz, 331 F. 3d at 1128).

IT IS THEREFORE ORDERED that defendant Geneva Inc.'s Motion for Reconsideration (Docket No. 127) be, and the same hereby is, GRANTED, and those portions of the Magistrate Judge's Order of February 8, 2018 (Docket No. 122) deeming Plaintiff's First Set of Requests for Admissions admitted, and requiring Geneva Financial Services, Inc. to reimburse plaintiff for expenses, are hereby vacated and set aside.

IT IS FURTHER ORDERED that plaintiff's Request to Seal (Docket No. 131) be, and the same hereby is, DENIED without prejudice to the right of either party to submit a more tailored request which specifically states the basis for sealing or redacting these documents.

Dated: April 26, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE