UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRUNO,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>Defendants. | No. 2:17-cv-327-WBS-EFB<br><br><br><br>ORDER |

The case was before the court on April 4, 2018, for hearing on plaintiff's motion to modify the scheduling order (ECF No. 123) and motion to compel defendant Equifax Information Services, LLC ("Equifax") to provide further responses to plaintiff's Requests for Production of Documents (ECF No. 138). Attorney Joseph Messer appeared on behalf of plaintiff. Attorneys Zachary McEntyre and Matthew Dawson appeared on behalf of defendant Equifax and attorney Paul Levine appeared on behalf of defendants John McGinley and Robert McGinley. As explained below, both motions are granted in part and denied in part.

I.  Motion to Modify the Scheduling Order

Plaintiff seeks to modify the court's scheduling order to extend the deadlines for completing discovery, disclosing expert witnesses, and filing dispositive motions. ECF No. 123.

/////

1

For the reasons stated on the record, plaintiff's motion is granted in part. All discovery shall be completed by July 16, 2018. Plaintiff's expert disclosure(s) shall be completed by May 9, 2018, and defendants' expert disclosures shall be completed by June 9, 2018.[1] Plaintiff's request to extend the date for filing dispositive motions is denied.

II.     Motion to Compel

Plaintiff moves to compel defendant Equifax to provide further responses to 17 requests for production of documents. For the reasons stated below, the motion is granted in part and denied in part.

An overarching contention by Equifax in opposing this motion is that plaintiff seeks information that is not relevant to the claims at issue in this action. Thus, some review of the complaint is warranted.

A.     Relevant Background

This putative class action proceeds on plaintiff's second amended complaint. ECF No. 132. Plaintiff asserts claims for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") against defendants Equifax; Geneva Financial Services, Inc. ("Geneva Inc.") and its officers Mark Hassan and Robert McGinley; Geneva Motors, Inc. d/b/a Geneva Financial Services ("Geneva Motors") and its officers Kamies Elhouty and John McGinley; and REBS Supply Inc. d/b/a/ REBS Marketing, Inc. ("REBS") and its CEO, Andy Mitchell. The crux of plaintiff's complaint is that Equifax improperly furnished his and the proposed class members' credit information to the other defendants, who did not have a proper purpose for obtaining such information.

Plaintiff alleges that in February 2016, REBS, a marketing company, submitted an order with Equifax for the purchase of "a prescreened list of 10,000 consumers residing around the 95618 zip code area, with credit scores of 530 to 600 who had 'no open autos, no open repos'" (hereafter "Prescreened List") for the purpose of a direct marketing mailer which REBS was

---

[1] At the April 4 hearing, the court stated that plaintiff's deadline for completing expert disclosures would be extended to April 16, 2018, with defendants' disclosures due 30 days thereafter. Give that plaintiff's deadline has already passed, additional time to complete expert disclosures is warranted.

2

arranging for Hanlees Nissan Chevrolet." *Id.* ¶ 103. According to the complaint, after defendant John McGinley, the Director of Lending and Data Operations for Geneva Motors, inquired about the status of REBS's order, Equifax confirmed that it provided the Prescreened List to "Geneva," which forwarded the list to REBS. *Id.* ¶¶ 106-112, Ex. L.

Shortly thereafter, plaintiff received a mailed solicitation inviting him to purchase a vehicle from Hanlees Nissan Chevrolet ("Hanlees") and purporting to "contain an offer of credit from 'Geneva Financial Services.'" *Id.* ¶ 123. Plaintiff alleges that the credit solicitation was mailed on behalf of the dealership by defendant REBS using information obtained from the Prescreened List.[2] *Id.* ¶ 124. Plaintiff subsequently submitted a loan application through the website listed on the solicitation. *Id.* ¶ 130. He alleges that the following week, he called the phone number listed on the website to inquire about the status of his loan application. *Id.* ¶ 132. A representative informed plaintiff that the company did not finance vehicles for purchase and that plaintiff would need to contact the dealership. *Id.* ¶ 132. Notwithstanding that representation, plaintiff eventually received a letter from Geneva Financial Services stating that his "application for an automotive refinance loan" was rejected due to insufficient collateral. *Id.* ¶¶ 150-51, 154, Ex. Q. Accordingly, plaintiff claims that he was not extended a firm offer of credit, and therefore defendants, with the exception of Equifax, did not have a permissible purpose for obtaining the prescreened list. *Id.* ¶¶ 155-56.

As for Equifax, plaintiff alleges it knew the other defendants requested the Prescreened List to use for a direct mail marketing campaign for Hanlees and that they did not have a have a permissible purpose for obtaining the Prescreened List. *Id.* ¶¶ 143, 145, 162. He further alleges

---

[2] The FCRA allows credit reporting agencies ("CRA"), such as Equifax, to furnish an individual's credit report for certain "permissible purposes." 15 U.S.C. § 1681b(a), (c), (f). One permissible purpose is to extend a firm offer of credit to a consumer. 15 U.S.C. § 1681b(c)(1)(B)(i). The FCRA defines a firm offer as "any offer of credit . . . to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer . . . ." 15 U.S.C. § 1681a(l). Lenders may request a CRA compile a list of consumers whose credit reports meet certain criteria bearing on creditworthiness. *Banga v. Chevron U.S.A. Inc.*, 2013 WL 71772, at *11 (N.D. Cal. Jan. 7, 2013). The lender will then use the responsive list, which is commonly referred to as a prescreened list, "to solicit consumers by extending firm offers of credit, often in the form of advertisements or fliers." *Id.*

3

that Equifax failed to maintain reasonable procedures to ensure credit reports were not finished to other entities lacking a permissible purpose for acquiring such information. *Id*. ¶ 188.

Plaintiff also alleges that on other occasions Equifax has furnished consumer reports to "Geneva Financial Services," which has never had a permissible purpose for obtaining consumer reports. *Id*. ¶ 206. Appended to the second amended complaint are several credit solicitations, similar to the one plaintiff received, each purporting to extend a firm offer of credit from "Geneva Financial Services." *Id*. at Ex. R.

The complaint alleges the following claims under the FCRA: (1) violation of 15 U.S.C. § 1681e against Equifax, Geneva Inc., Geneva Motors, Hanssan, Elhouty, John McGinley, and Robert McGinley; (2) violation of 15 U.S.C. § 1681b against all defendants; and (3) violation of 15 U.S.C. § 1681q against REBS, Geneva Inc., Geneva Motors, Hassan, Elhouty, and John and Robert McGinley.

Plaintiff seeks to assert these claims on behalf of himself and two classes: the REBS class and the Geneva Class. *Id*. at 132. The complaint defines the REBS class as "[t]he ten thousand (10,000) persons whose names appeared on the Prescreened List." *Id*. ¶ 254.

The Geneva Class is defined as:

> All persons within the United States (including all territories and other political subdivisions of the United States) whose consumer reports were provided by Equifax to "Geneva Financial Services" within the five year period proceeding [sic] the date this lawsuit was filed.

*Id*. ¶ 253.

B. Legal Standard

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

/////

4

Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

A plaintiff in a class action "bears the burden of . . . showing that . . . discovery is likely to produce substantiation of the class action." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). "District courts have broad discretion to control the class certification process, and 'whether or not discovery will be permitted lies within the sound discretion of the trial court.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (quoting *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)). Notwithstanding that broad discretion, the Ninth Circuit has advised that "'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable.'" *Id*. (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)).

C.  Discussion

Plaintiff moves to compel Equifax to provide further response to 17 Requests for Production of Documents. ECF No. 154 at 7-17. These requests seek three categories of documents: the Prescreened List (RPD No. 3); documents related to the Geneva Class (RPD Nos 38, 54, 60, 61, 62); and requests seeking information that Equifax characterizes as irrelevant (RPD No. 69-75, 80, 81, 84, 85).

1. Request Number 3

Plaintiff's Request for Production of Documents Number 3 seeks a copy of the Prescreened List that included plaintiff's name. Although Equifax contends that it does not maintain copies of the prescreen lists that it furnishes, Equifax has agreed to recreate the

/////

Prescreened List. ECF No. 154 at 28. For the reasons stated on the record, Equifax shall produce a recreated Prescreened List to plaintiff within 7 days of this order.[3]

### 2. Requests Numbers 38, 54, and 60-62

Requests Numbers 38, 54, and 60-62 seek: (1) documents related to requests for consumer reports made by Geneva[4] to Equifax; (2) all prescreened lists Equifax furnished to Geneva; (3) documents indicating Equifax finished consumer reports to Geneva; (4) the names and addresses of all persons whose consumer reports were given to Geneva; and (5) documents related to those consumer reports that were furnished.[5] ECF No. 154 at 7-11.

In response to these requests, Equifax has "agreed to produce documents related to whether Equifax had a reason to believe, based on its reasonable procedures, that Geneva Motors Inc. d/b/a Geneva Financial Services had a permissible purpose to obtain Plaintiff's consumer information." ECF No. 154 at 30. Equifax contends that pursuant to 15 U.S.C. §§ 1681b and 1681(e), the scope of discovery should be limited to Equifax's belief at the time it furnished plaintiff's information, and that documents exceeding this scope are irrelevant. *Id*. Thus, it contends that all documents created after it furnished plaintiff's credit information are irrelevant because such documents would not reflect Equifax's belief at the time it furnished plaintiff's information. Likewise, it argues that it should not be required to produce documents concerning its business relationship with Geneva Motors that do not relate to Equifax's belief that Geneva Motors had a permissible purpose to obtain plaintiff's information. *Id*. Lastly, Equifax argues
/////

---

[3] This ruling moots the stipulation filed by the parties after the hearing which requests an order allowing the production of the Prescreened List. ECF No. 163; *see* 15 U.S.C. § 1681b(a)(1) (providing that a CRA may furnish a credit report [i]n response to the order of a court having jurisdiction to issue such an order . . . .").

[4] The discovery requests at issue sought documents related to Geneva Financial Services, Inc., not Geneva Motors Inc. d/b/a Geneva Financial Services. ECF No. 154 at 30. Equifax notified plaintiff that it does not have any documents related to Geneva Financial Services, Inc., but has agreed to search and produce documents related to Geneva Motors, to the extent the documents are discoverable. *Id*.

[5] Each request was limited to documents dated on or after February 15, 2012. ECF No. 154 at 7-11.

that there is no reason it should have to produce documents related to prescreened lists other than the one on which plaintiff's name appears, much less the lists themselves. *Id*.

Equifax's arguments understate the importance to plaintiff's claims of documents created after it furnished plaintiff's credit information. Significantly, Equifax's position impermissibly attempts to limit its discovery obligations to producing only documents directly relevant to plaintiff's claims against Equifax. Plaintiff, however, is entitled to discovery regarding any "matter that is relevant to *any* party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). In addition to plaintiff's claims against Equifax for violation of 15 U.S.C. §§ 1681b and 1681e, plaintiff also asserts a claim for violation of 15 U.S.C. § 1681q against the other named defendants. Specifically, plaintiff alleges that the defendants, with the exception of Equifax, impermissibly obtained credit reports of the plaintiff and the members of two putative classes without a permissible basis. ECF No. ¶¶ 285-287. Even if the court were to agree with Equifax's position that documents created after the production of the Prescreened List are irrelevant to plaintiff's claims against Equifax—which the court does not[6]—the documents would still be relevant to plaintiff's claim for violation of § 1681q. Such documents could reflect that Geneva Motors, as well as the other defendants, were in the business of obtaining and selling credit reports without a permissible purpose.

Lastly, the court rejects Equifax's contention that there is no reason it should have to produce documents pertaining to prescreened lists other than the one on which plaintiff's name appears. The complaint alleges that Equifax has violated the FCRA on other occasions by furnishing consumer reports to "Geneva Financial Services," which has never had a permissible purpose for obtaining such reports. *Id*. ¶ 206. Documents appended to the complaint also reflect that multiple credit solicitations, similar to the one plaintiff received, have been sent to consumers in various regions of the United States, with each solicitation purporting to extend a firm offer of credit from "Geneva Financial Services." *Id*. at Ex. R. Plaintiff also seeks to represent a class of

---

[6] It is easily conceivable that documents created after Equifax produced the Prescreen List could discuss prior events or facts relating to what Equifax knew at the time the list was produced.

7

persons residing in the United States and whose credit reports were provided by Equifax to "Geneva Financial Services," which may include recipients of the other credit solicitations. *Id*. ¶253. To certify that class, plaintiff will need to establish, among other things, that there are common questions of law and fact among the class, as well as that plaintiff's claims are typical of the claims of the class members. *See* Fed. R. Civ. P. 23(a). Documents pertaining to other prescreened lists are highly relevant to these two issues. Accordingly, plaintiff's motion to compel is granted as to requests numbers 38, 54, and 60-62, and Equifax shall produce responsive documents responsive that are in its possession, custody, or control within 14 days of this order.[7]

### 3. Requests Numbers 69-75, 80-81, and 84-85

Requests numbers 69-74, 80-81, and 84-85 seek Equifax's contracts and communications with the following third-parties: Name Seeker, Inc.; Datamyx, LLC; RMB World Enterprises, LLC; Impact Zone; and US Capital. ECF No. 154 at 11-17. Plaintiff's remaining request, Request Number 75, seeks all communications between Martha Dunn of Equifax and Dan Adams of Equifax regarding Geneva. ECF No. 154 at 15.

As for requests numbers 69-74, 80-51, 84-85, Equifax argues that these requests improperly seek its communications with entities that have no apparent connection to the claims or defenses in this case. ECF No. 154 at 37. Equifax claims that it asked plaintiff to explain why he believes these entities—which are not referenced in the operative complaint—are relevant to his claims, but plaintiff has refused. *Id*. at 37-38. In response, plaintiff states that he has learned that these third-party entities "did business with 'Geneva Financial Services,' some of whom terminated those business relationships due to concerns that 'Geneva Financial Services' did not have a permissible purpose for obtaining prescreened lists from Equifax." *Id*. at 38.

Plaintiff's conclusory statement fails to establish his entitlement to the discovery related to these third-party entities. As discussed above, Rule 26 requires that the discovery sought not only be relevant but also proportional to the needs of the case, considering the issues at stake, the

---

[7] If Equifax does not have any documents responsive to a particular request, it shall supplement its response with a verification describing the search for the documents that was conducted and signed under penalty of perjury by the individual that conducted the search.

parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(d)(1). Plaintiff vague contention that these entities did business with "Geneva Financial Services" does not show that Equifax's communications with these third- party entities will produce documents related to the instant dispute. Although he does claim that some of the entities terminated their business relationship with Geneva over concerns that Geneva did not have a permissible purpose for obtaining prescreened lists, he does not identify which entities did so. He also fails to explain the business relationship these entities had with Geneva. Thus, on this record plaintiff has failed to show that the discovery sought is relevant to the instant dispute.[8] Accordingly, his motion to compel is denied as to Requests for Production of Documents Numbers 69-74, 80-81, and 84-85.

As for request number 75, Equifax has agreed to "search for and produce communications between Ms. Dunn and Mr. Adams the relevant time period regarding Geneva Motors, Inc. d/b/a Geneva Financial Services. ECF No. 154-2 at 4. Given this representation, the court finds the parties' dispute over this request moot.

III.  Conclusions

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to modify the scheduling order (ECF No. 123) is granted in part and denied in part as follows:

    a. the motion is granted as to plaintiff's request to extend the deadline for completing discovery and expert witness disclosures. All discovery shall be completed by July

---

[8] At the hearing, plaintiff raised additional arguments as to why documents related to these entities are relevant to this action. By failing to brief the additional arguments in the joint statement, plaintiff deprived Equifax of a meaningful opportunity to respond to the arguments. Accordingly, the court declines to consider the additional arguments plaintiff raised for the first time at the hearing. *See Cataphora Inc. v. Parker*, 2012 WL 13657, *3 n. 6 (N.D. Cal. Jan. 4, 2012) ("Inasmuch as this argument was raised for the first time during the hearing and is not mentioned in Defendants' opposition, I decline to consider it"); *In re Apple Inc. Securities Litigation*, 2011 WL 1877988, *5 n. 6 (N.D. Cal. May 17, 2011) ("The Court is not inclined to consider this argument given that it was not briefed but rather was raised for the first time at the end of the hearing"); *White v. FedEx Corp.*, 2006 WL 618591, *2 (N.D. Cal. Mar. 13, 2006) ("The Court will not consider any arguments or evidence raised for the first time at the hearing").

16, 2018. Plaintiff's expert disclosure(s) shall be completed by May 9, 2018, and defendants' expert disclosures shall be completed by June 9, 2018.

      b. the motion is denied as to plaintiff's request to extend the date for filing dispositive motions.

  2. Plaintiff's motion to compel defendant Equifax to provide further responses to plaintiff's Request for Production of Documents (ECF No. 138) is granted in part and denied in part as follows:

      a. The motion is granted as to requests numbers 3, 38, 54, and 60-62. Equifax shall produce a reproduction of the Prescreened List within 7 days of this order. All other documents responsive to these requests shall be produced within 14 days of this order.

      b. The motion is denied in all other regards.

DATED: May 2, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE