1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   DANIEL BRUNO, individually and      No. 2:17-cv-00327 WBS EFB
     on behalf of others similarly
13   situated,

14             Plaintiff,
                                          ORDER ON MOTION TO SUBSTITUTE
15        v.                              A PROPER PARTY

16   EQUIFAX INFORMATION SERVICES,
     LLC; GENEVA FINANCIAL SERVICES,
17   INC.; MARK HASSAN; GENEVA
     MOTORS, INC. d/b/a GENEVA
18   FINANCIAL SERVICES; ROBERT
     MCGINLEY; KAMIES ELHOUTY; JOHN
19   MCGINLEY; ANDY MITCHELL; and
     REBS SUPPLY, INC. d/b/a REBS
20   MARKETING, INC.;

21             Defendants.

22

23                          ----oo0oo----

24             Presently before the court is plaintiff's Motion to

25   Substitute a Proper Party.  (Docket No. 265.)  Previously, Paul

26   Levine, former counsel for defendants John McGinley and Robert

27   McGinley, informed this court that defendant Robert McGinley

28   passed away on September 10, 2018.  (Docket No. 233.)  In

                                  1

response to Mr. Levine's Motion to Withdraw as Attorney for John and Robert McGinley (Docket No. 223), this court ordered counsel "to [] contact John McGinley to procure any information about the estate of Robert McGinley, including identification of any representative of the estate, and inform plaintiff's attorney and the court of such information." (Order Re: Mot. to Withdraw as Counsel (Docket No. 235).) The court ultimately granted Mr. Levine's motion after he informed the court that he did not receive any response from John McGinley. (Order Re: Mot. to Withdraw as Counsel (Docket No. 247).) Since then, apparently no party has been able to ascertain the identity of the proper successor or representative of Robert McGinley.

Plaintiff's proposed order asks this court to substitute "[t]he executor of the Estate of Robert McGinley, or, if no individual is acting as the executor, then the administrator or distributee of the Estate" in place of Robert McGinley. However, there is no indication whether Robert McGinley had a will, chose to pass his assets via a trust, or died intestate. The court will not issue such an order without knowing the identity, or at least the legal description, of the individual or entity who is the proper party for the purposes Federal Rule of Civil Procedure 25(a)(1).[1] Plaintiff has a "duty to make a reasonable inquiry regarding the representative of the estate or an appropriate successor." See In re MGM Mirage Sec. Litig., 282 F.R.D. 600, 603-04 (D. Nev. 2012).

---

[1] It very well could be the case that Robert McGinley does not have an estate, which case plaintiff's request would be meaningless, or at least premature.

IT IS THEREFORE ORDERED that plaintiff's Motion to Substitute a Proper Party (Docket No. 265.) is DENIED WITHOUT PREJUDICE.  Plaintiff may refile his motion if and when he ascertains the identity of the proper party for the purposes of Rule 25.  Because the court already extended fact discovery until March 18, 2019 (Docket No. 268), plaintiff's request that the court extend discovery for the limited purpose of allowing plaintiff to discover the administrator, executor, or distributee(s) of Robert McGinley's estate is DENIED AS MOOT.

Dated:  January 8, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE