1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12   DANIEL BRUNO, individually and      No. 2:17-cv-00327 WBS EFB
     on behalf of others similarly
13   situated,

14                 Plaintiff,            ORDER RE: MOTION TO DISMISS
                                         PURSUANT TO RULE 25 AND
15        v.                             MOTION TO CLOSE CASE

16   EQUIFAX INFORMATION SERVICES,
     LLC; GENEVA FINANCIAL SERVICES,
17   INC.; MARK HASSAN; GENEVA
     MOTORS, INC. d/b/a GENEVA
18   FINANCIAL SERVICES; ROBERT
     MCGINLEY; KAMIES ELHOUTY; JOHN
19   MCGINLEY; ANDY MITCHELL; and
     REBS SUPPLY, INC. d/b/a REBS
20   MARKETING, INC.;

21                 Defendants.

22

23                              ----oo0oo----

24        Before the court is plaintiff's Motion to Dismiss

25   Defendant Pursuant to Rule 25 and Motion to Close Case.  (Docket

26   No. 321.)  Previously, Paul Levine, former counsel for defendants

27   John McGinley and Robert McGinley, informed this court that

28   defendant Robert McGinley passed away on September 10, 2018.

                                    1

1  (Docket No. 233.)  Since then, apparently no party has been able

2  to ascertain the identity of the proper successor or

3  representative of Robert McGinley, and plaintiff now requests

4  that the court dismiss Robert McGinley and close the case.

5       Under Federal Rule of Civil Procedure 25, if a party

6  dies, the court may order substitution of the proper party.

7  However, if a motion by a party or the decedent's successor or

8  representative "is not made within 90 days after service of a

9  statement noting the death, the action by or against the decedent

10 must be dismissed."  Fed. R. Civ. P. 25(a)(1).  Here, the court

11 denied plaintiff's request to substitute "[t]he executor of the

12 Estate of Robert McGinley, or, if no individual is acting as the

13 executor, then the administrator or distributee of the Estate" in

14 place of Robert McGinley, because no such person had been

15 identified.  (Docket No. 278.)  The court also gave leave to

16 plaintiff to "refile his motion if and when he ascertains the

17 identity of the proper party for the purposes of Rule 25."  (Id.)

18 More than eight months has passed since the court granted such

19 leave, and plaintiff has not sought to refile his motion to

20 substitute.

21       In light of the foregoing, as well as the lack of any

22 opposition from any party or anyone seeking to represent Robert

23 McGinley, the court will grant plaintiff's motion to dismiss

24 Robert McGinley.  Further, given that all of plaintiff's claims

25 against all parties have now been resolved, the court will order

26 final judgment and close this case.

27       IT IS THEREFORE ORDERED that plaintiff's Motion to

28 Dismiss Defendant Pursuant to Rule 25 and Motion to Close Case

1   (Docket No. 321) be, and the same hereby is, GRANTED.

2   Plaintiff's claims against Robert McGinley are hereby DISMISSED.

3   The Clerk of Court shall enter final judgment as to all parties

4   and close this case.

5   Dated:   September 25, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE